## 11621. LANIER *v.* THE STATE.

LUKE, J. 1. The excerpt from the charge of the court complained of, when considered in the light of the entire charge and the facts of the case, contains no reversible error.

2. The evidence in the case was conflicting. It was for the jury, under proper instructions from the court, to credit the witnesses who testified before them. The jury believed the evidence for the State, which, if credited, authorized the verdict. Since the trial judge has approved that verdict, and there being no errors of law· on the trial of the case, this court can not set the verdict aside.

3. The alleged newly discovered evidence and the counter-showing thereto were heard by the trial judge. This court can not say that it was error, upon the ground of the newly discovered evidence, for the court to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JULY 28, 1920.

Conviction of seduction; from Bulloch superior court — Judge Lovett. May 15, 1920.

Paragraph 1 of the decision relates to the following extract from the charge of the court: "The test of a virtuous woman, under this law, is whether she had, at the time of the alleged seduction, had sexual intercourse with another man; that is to say, with a man other than the defendant on trial. If she had, she was not a virtuous female. If she had not, she was a virtuous female." The court, after charging that before the jury could convict the accused, it must be shown that the person named in the indict-

ment as having been seduced was a virtuous unmarried female, instructed them as follows: "A 'virtuous' unmarried female means a woman of physical purity, a virgin, a woman who has never had sexual intercourse, and does not mean a woman with an entirely pure mind and heart. Physical chastity, not moral or intellectual chastity, is the test by which to determine a woman's virtue at the time of her seduction. However, if you find in this case any evidence of a debauched mind of the female alleged to have been seduced, — if there is any evidence in this case of a lewd and lascivious nature on her part, or like testimony, — you may consider such testimony in determining whether the female had parted with her virginity before the alleged seduction and was not at that time a virtuous female within the contemplation of the statute." Then followed the language of the extract first quoted, and the court added: "Unmarried females who are virgins are virtuous, and those who by their own consent have ceased to be virgins are not virtuous. You should estimate the woman alleged to have been seduced, as a virtuous female, in this case, unless the evidence directly, or circumstances, show and satisfy you that she had lost her virtue prior to the alleged seduction, by having illicit intercourse."

*Deal & Renfroe, F. T. Lanier,* for plaintiff in error.

*Walter F. Grey, solicitor-general, R. Lee Moore,* contra.